UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN SYLVAN | CIVIL ACTION |
| VERSUS | CASE NO. 14-369 |
| MARLIN N. GUSMAN | SECTION: "G"(3) |

**ORDER**

In this litigation, *pro se* Plaintiff Steven Sylvan brings claims against Defendant Marlin Gusman regarding the conditions of his incarceration in Orleans Parish Prison ("OPP"). Before the Court is Gusman's unopposed "Rule 12(c) Motion for Judgment on the Pleadings,"[1] which was set for submission on April 17, 2014. Having considered the pleadings, the motion, the memorandum in support, and the applicable law, the Court will grant the pending motion.

**I. Parties' Arguments**

In his complaint, Sylvan alleges that:

> I have been subjected to cruel and unusual punishment by O.P.P. The bathroom toilets leak urine onto the floor we are forced to be in 2 times-a-day for roll-call. There is sewer water in the shower area. I have been subjected to sewer worms in the toilet area and the shower area. The day after Thanksgiving I was [strip-searched] and told to bend over, cough, and spread my cheeks! I'm also being housed in a[n] outdated tent provided by F.E.M.A. Two and three days at a time I was denied access to the phone[.][2]

Sylvan seeks "nominal damages, compensatory damages, and punitive damages," and requests that the court issue an injunction.[3]

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 1 at p. 5.

[3] *Id.* at p. 2.

In support of the pending motion, Gusman contends that: (1) Sylvan's complaint "fails to state a valid conditions of confinement claim;"[4] (2) "[Sylvan's] exposure to leaking toilets, mold, and leaches do not constitute viable Section 1983 claims;"[5] (3) "[Sylvan's] mere allegation that he was subject to strip search, without more, does not state a viable claim for recovery against Sheriff Gusman because of the compelling interest in prison security";[6] (4) "[Sylvan] did not allege or suffer actual injury;"[7] (5) "[Sylvan] has no constitutionally protected interest in unlimited phone access;"[8] (6) Sylvan has failed to allege a policy or custom that allegedly caused a deprivation of his constitutional rights, and therefore has not stated a claim against Gusman in his official capacity;[9] (7) Sylvan has failed to allege that Gusman was personally involved in the alleged conditions giving rise to his alleged injuries, and therefore has failed to state a claim against Gusman in his individual capacity;"[10] (8) even if the Court finds that Gusman is potentially liable based on Sylvan's allegations, Gusman is entitled to the defense of qualified immunity;[11] (9) "[Sylvan's] request for punitive damages is improper."[12]

---

[4] Rec. Doc. 14–1 at p. 4.

[5] *Id.* at p. 6.

[6] *Id.* at p. 9.

[7] *Id.* at p. 13.

[8] *Id.* at p. 14.

[9] *Id.* at pp. 15–16.

[10] *Id.* at pp. 16–17.

[11] *Id.* at p. 18.

[12] *Id.* at p. 20.

## II. Law and Analysis

Under Local Rule 7.5 of the Eastern District of Louisiana, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." As noted above, Sylvan has not filed any opposition to the pending motion, either within the time-frame established by Local Rule 7.5 or otherwise. "Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion."[13] Rather, considering the papers before it, the Court may grant only those unopposed dispositive motions that have merit.[14]

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Courts in the Fifth Circuit hold a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) to "the same standard applicable to a [Federal] Rule [of Civil Procedure] 12(b)(6) motion." Under that standard, "plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face."[15] A complaint has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] In applying this standard to a complaint, the Court do[es] not accept as true conclusory allegations,

---

[13] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993).

[14] *See John v. State of La. (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698 (5th Cir. 1985); *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[15] *Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 610 (5th Cir. 2014) (citing *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

[16] *Gentilello*, 627 F.3d at 544.

unwarranted factual inferences, or [unsupported] legal conclusions."[17] When addressing a motion to dismiss, the Court "accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the Plaintiff."[18] Although "[i]t is well-established that pro-se complaints are held to less stringent standards than formal pleadings drafted by lawyers," a *pro se* plaintiff's "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[19]

Sylvan argues that he was subjected to "cruel and unusual punishment" as a result of unsanitary conditions in OPP, and that he is therefore entitled to damages and an injunction. He has sued Gusman, who is the sheriff in charge of the OPP. Under 28 U.S.C. § 1983, a prisoner may seek redress from a prison official for unconstitutional conditions of confinement.[20] In order to do so, the prisoner must allege that the official had a state of mind reflecting "deliberate indifference to inmate health or safety,"[21] and that the conditions of confinement deprived the prisoner of some basic human need.[22] Sylvan has failed to set forth factual allegations that connect Gusman in any way to the conditions he experienced at OPP, let alone indicate deliberate indifference on Gusman's part. Without allegations going to Gusman's involvement, the Court need not proceed further in its analysis, because even when construing Sylvan's allegations liberally, in the light most favorable to

---

[17] *Id.*

[18] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

[19] *Id.*

[20] *See, e.g. Farmer v. Brennan*, 511 U.S. 825 (1994).

[21] *Id.* at 834 (internal quotation marks omitted); *Woods v. Edwards*, 51 F.3d 577 (5th Cir. 1995).

[22] *Woods v. Edwards*, 51 F.3d 577 (5th Cir. 1995).

him, and drawing all inferences in his favor, the Court cannot reasonably conclude that Gusman is liable for any alleged injury Sylvan suffered. Accordingly,

**IT IS HEREBY ORDERED** that Gusman's "Rule 12(c) Motion to Dismiss" is **GRANTED.**

New Orleans, Louisiana, this   17th   day of October, 2014.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**